UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - ---x
EVERLAST SOLUTIONS CORP.,

                Plaintiff,

     -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - ---x

**CIVIL ACTION NO.**

**COMPLAINT
FOR DECLARATORY
JUDGMENT**

      Plaintiff EVERLAST SOLUTIONS CORP. ("Everlast" or "Plaintiff"), by and through its attorneys, WILSON & CHAN, LLP, as and for its Complaint for Declaratory Judgment against defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm" or "Defendant") alleges as follows:

## NATURE OF THE CASE

      1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, in which Everlast seeks declaratory, monetary, and ancillary relief against Defendant relating to insurance coverage for Plaintiff regarding and underlying personal injury lawsuit captioned <u>Christian Alfredo Orellana Sarango v. Astor 2, LLC et al</u>, Supreme Court of the State of New York, Queens County, Index No. 713975/2023 (the "Underlying Suit"). A copy of the Summons and Complaint in the Underlying Suit is annexed hereto as **Exhibit A**.

      2. Plaintiff seeks declaratory judgment declaring, *inter alia*, that (1) State Farm must provide insurance coverage to Plaintiff in the Underlying Suit under the commercial general liability insurance policy issued by State Farm to L.E.S. GENERAL CONSTRUCTION INC. ("L.E.S.") and the Certificate of Liability Insurance that added Plaintiff to L.E.S.'s insurance policy for a project located at 11-02 37th Avenue, Long Island City, New York 11101 ("Certificate"); and (2)

1

State Farm must reimburse Plaintiff for defense attorneys' fees, costs and disbursements incurred by Plaintiff to date in the Underlying Suit.

## PARTIES

3. Everlast is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located at 554 Fairview Avenue, Ridgewood, New York 11385-1946.

4. State Farm is an insurance company registered to conduct business in the State of New York with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) based on complete diversity of citizenship because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §2201(a) to declare the rights and other legal relations of Everlast and State Farm.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue in this District is proper under §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### A. The Agreement between L.E.S. General Construction Inc. and Everlast

9. L.E.S., a subcontractor, and Everlast, general contractor, entered into an agreement (the "Subcontract") under which L.E.S. would provide and perform construction work at the premises located at 11-02 37th Avenue, Long Island City, New York 11101 (the "Premises").

10. Under this agreement, L.E.S. agreed to defend and indemnify, through contractual indemnification and/or common-law indemnification, Everlast against any and all claims arising from, or related to, operations of L.E.S. or its subcontractors in the performance of the Subcontract.

11. In this regard, Everlast was added to L.E.S.'s insurance policy as an additional insured. *See* Certificate of Liability Insurance attached hereto as **Exhibit B**.

12. The Subcontract was in full force and effect on June 16, 2023, which is the date of the accident of the Underlying Suit.

**B. The State Farm Insurance Policy**

13. Upon information and belief, State Farm insured L.E.S. under policy number 92-EA-B069-4, effective from May 10, 2023 to May 10, 2024, with limits of liability of $1 million each occurrence/$2 million general aggregate (the "**Insurance Policy**"). *See* **Exhibit B**.

14. The Insurance Policy was in effect on the date of the accident.

15. The Certificate of Insurance dated July 25, 2023, identified Everlast as an additional insured the Insurance Policy in connection with the construction project on the Premises. *See* **Exhibit A**.

16. Upon information and belief, the Insurance Police contains an endorsement which provides additional insured coverage to Everlast with respect to liability from, or related to, operations of L.E.S. or its subcontractors in the performance of the Subcontract.

17. Everlast's purported liability in the Underlying Suit arises out of L.E.S.'s work on the Premises as L.E.S. directed, controlled, and supervised the injured party in the Underlying Suit.

18. Everlast qualified as an additional insured under the Insurance Policy with respect to the Underlying Suit.

### C. The Accident and the Underlying Suit

19. The Underlying Suit alleges that on June 16, 2023, Mr. Christian Alfredo Orellana Sarango ("**Sarango**") alleges that he was injured at a construction site located at 11-02 37th Street Avenue, Queens, New York.

20. Sarango was allegedly employed by L.E.S. and was performing work within the course and scope of his employment with L.E.S. on the Premises on June 16, 2023.

21. Sarango allegedly sustained injuries on June 16, 2023 at the Premises, while performing work during the course and scope of his employment for L.E.S. when he fell due to being struck by unsecured falling object(s). As a result, Sarango was allegedly severely injured.

22. Sarango filed the Underlying Suit against Everlast, Astor 2, LLC, and Dio Long LCC, the latter two being the owners of the Premises. Sarango filed said lawsuit for damages regarding the injuries he alleged sustained as a result of the subject accident.

### D. Everlast's Request to State Farm to Provide Defense and Insurance Coverage in Regard to the Underlying Suit and State Farm's Rejection

23. On July 27, 2023, Everlast, by and through its attorneys, Wilson & Chan, LLP, requested that State Farm acknowledge its obligation to provide defense and insurance coverage to Everlast in regard to the Underlying Suit. *See* Letter to State Farm dated July 27, 2023 attached hereto as **Exhibit C**.

24. State Farm has refused to assume the defense of Everlast in the Underlying Suit.

25. An actual controversy exists between and among the parties as to their rights and obligations to Everlast in the Underlying Suit under the Insurance Policy.

26. Circumstances exist that justify a determination by this Court, pursuant to 28 U.S.C. §2201, of the rights and obligations of the parties under the Insurance Policy, and that the determination will be beneficial for both parties.

27. Everlast has no adequate remedy at law.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Declaration of Duty to Defend under State Farm Insurance Policy)

28. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 27 of this Complaint for Declaratory Judgment as if set forth fully here.

29. There is an actual and present controversy between Everlast and State Farm concerning State Farm's obligation to defend Everlast as an additional insured under the Insurance Policy in the Underlying Suit.

30. State Farm's refusal to provide defense and insurance coverage under its Insurance Policy was wrongful. Everlast qualifies as an additional insured under the Insurance Policy in the Underlying Suit. Furthermore, Sarango's alleged injuries and damages arose out L.E.S.'s work at the Premises.

31. Everlast is an additional insured under the Insurance Policy.

32. Everlast is entitled to a declaration that State Farm must defend Everlast in the Underlying Suit under the Insurance Policy.

33. A judicial declaration of this issue is necessary and appropriate at this time to permit Everlast to determine State Farm's legal obligations to Everlast.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Declaration of Duty to Reimburse Everlast for its Defense Costs Through the Date of the Declaration of Rights in this Lawsuit)

34. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 33 of this Complaint for Declaratory Judgment as if set forth fully here.

35. There is an actual and present controversy between Everlast and State Farm concerning State Farm's obligations to reimburse Everlast for its defense costs to date.

36. Based upon the foregoing, Everlast is entitled to a declaration that State Farm must reimburse Everlast for its defense costs in the Underlying Suit from the date of the letter sent to State Farm on July 27, 2023, to the date of judgment in this declaratory judgment lawsuit.

37. A judicial declaration of this issue is necessary and appropriate at this time to permit Everlast to determine State Farm's legal obligations to Everlast.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Declaration of Duty to Pay Everlast's Defense Costs from the Date of the Declaratory Judgment in this Action through the Final Resolution of the Underlying Suit)

38. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 37 of this Complaint for Declaratory Judgment as if set forth fully here.

39. There is an actual and present controversy between Everlast and State Farm concerning State Farm's obligations to pay Everlast's defense attorney's fees, costs, and disbursement in the Underlying Suit until the final resolution of that lawsuit.

40. Based upon the foregoing, Everlast is entitled to a declaration that State Farm must pay Everlast's defense attorneys' fees, costs, and disbursements in the Underlying Suit from the date of judgment in this action through the final resolution of the Underlying Suit.

41. A judicial declaration of this issue is necessary and appropriate at this time to permit Everlast to determine State Farm's legal obligations to Everlast.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Declaration of Duty to Indemnify Under the Insurance Policy)

42. Plaintiff repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 41 of this Complaint for Declaratory Judgment as if set forth fully here.

43. There is an actual and present controversy between Everlast and State Farm concerning whether State Farm has an obligation under the Insurance Policy to indemnify Everlast in the Underlying Suit.

44. Pursuant to the Insurance Policy, State Farm must indemnify Everlast in the Underlying Suit.

45. Based upon the foregoing, Everlast is entitled to a declaration that State Farm must indemnify Everlast in the Underlying Suit under the Insurance Policy.

46. A judicial declaration of this issue is necessary and appropriate at this time to permit Everlast to determine State Farm's legal obligations to Everlast.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a declaratory judgment declaring the rights, duties, and obligations of the parties under the Insurance Policy with regard to the claims in the Underlying Suit as follows:

(a) On the First Cause of Action, a declaration that State Farm is obligated under the Insurance Policy to Defend Everlast in the Underlying Suit;

(b) On the Second Cause of Action, a judgment in favor of Everlast ordering State Farm to reimburse all defense attorneys' fees, costs, and disbursement that Everlast incurred in its defense in the Underlying Suit from the date of the letter sent to State Farm on July 27, 2023, to the date of judgment in this action;

(c) On the Third Cause of Action, a declaration that State Farm must pay all defense attorneys' fees, costs, and disbursement for defending Everlast in the Underlying Suit from the date of the declaration through the final resolution of the Underlying Suit;

(d) On the Fourth Cause of Action, a declaration that State Farm must indemnify Everlast under the Insurance Police for any judgment in the Underlying Suit;

(e) Interest, costs, and disbursements in connection with this action;

(f) Costs of this action, including reasonable attorneys' fees and expenses, expert's fees and other disbursements; and

(g) For such further and other relief as may be just, fair, and proper.

Dated: New York, New York
October 2, 2023

WILSON & CHAN, LLP

By: _____
Henry C. Chan, Esq.
Virginie Brizon, Esq.
*Attorneys for Plaintiff*
EVERLAST SOLUTIONS CORP.
733 Third Avenue, 16th Floor
New York, New York 10017
Tel: (646) 790-5848
hchan@wilsonchanlaw.com
vbrizon@wilsonchanlaw.com